IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|  |  |  |
|---|---|---|
| SHERIDAN R. JACOBS, et al., | * | |
| Plaintiffs, | * | |
| v. | * | CIVIL NO.: WDQ-01-1422 |
| ETHEL R. BARLOW, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

MEMORANDUM OPINION AND ORDER

This wrongful death diversity case was tried to a jury in December 2004. The jury found that nurse Ethel Barlow had violated the standards of nursing care and caused Ruth F. Bowen's death. The jury also determined that Barlow was acting within the scope of her employment with AMN Healthcare and Medical Express, Inc. when she caused Bowen's death. The jury awarded the Plaintiffs $750,000 for pain and suffering, and $500,000 for wrongful death. Judgment was entered against Barlow, AMN Healthcare, and Medical Express, Inc. jointly and severally.

Pending are the Defendants' motions for remittitur, judgment as a matter of law ("JNOV"), and a new trial. The parties have agreed that the jury award should be reduced to the Maryland statutory maximum of $545,000; thus, the motion for remittitur will be granted. For the reasons discussed below, the motions for JNOV and a new trial will be denied.

STANDARD OF REVIEW

In considering a motion for JNOV under Federal Rule of Civil Procedure 50(b), the court should review all of the evidence in the record. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). In doing so, the court must draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence. *Id.* JNOV should be granted if there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmoving party. *Cline v. Wal-Mart Stores, Inc.*, 144 F.3d 294, 301 (4th Cir. 1998).

When an alternative motion for a new trial is made, the court may, in its discretion, order a new trial rather than entering JNOV. *Ford v. Rigidply Rafters, Inc.*, 999 F. Supp. 647, 649 (D. Md. 1998) (citing Fed. R. Civ. P. 50(b)(1); *Cone v. West Va. Pulp & Paper Co.*, 330 U.S. 212, 215-16 (1947)). In determining whether to grant a new trial, the court may weigh the evidence and consider witness credibility. *Cline*, 144 F.3d at 301. A new trial will be granted if: "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." *Atlas Food Sys. & Servs., Inc. v. Crain Nat'l Vendors, Inc.*, 99 F.3d 587, 594 (4th Cir. 1996).

ANALYSIS

The Defendants argue that they are entitled to JNOV or a new trial because the Plaintiffs' expert witness regarding the standard of nursing care, Terri Venturini Rhoderick, lacked a sufficient factual basis for her conclusions.

An expert's opinion derives its probative force from the facts on which it is predicated, and these must be legally sufficient to sustain the expert's opinion. *Beatty v. Trailmaster Prods., Inc.*, 330 Md. 726, 741 (1993) (*citing State Health Dep't v. Walker,* 238 Md. 512, 520 (1965)).  "A factual basis for expert testimony may arise from a number of sources, such as facts obtained from the expert's first-hand knowledge, facts obtained from the testimony of others, and facts related to an expert through the use of hypothetical questions." *Sippio v. State*, 350 Md. 633, 653 (1998).

Rhoderick testified that her opinion was based on a review of Bowen's hospital records, autopsy report, and death certificate. Dec. 14, 2004 Trial Tr. at 7.  By examining Bowen's records, Rhoderick gained a sufficient understanding of Bowen's condition to permit her to reach a conclusion that was not based on mere speculation or conjecture.  Rhoderick's testimony, therefore, was properly submitted to the jury.  *See Samsun Corp. v. Bennett*, 154 Md. App. 59, 76 (2003).

The Defendants also claim entitlement to a new trial because

3

Plaintiffs' counsel engaged in misconduct during his rebuttal argument by referring to evidence that was not in the record. Plaintiffs counter that their attorney was forced to refer to that evidence because of remarks made by Defendants' counsel in closing arguments. Specifically, Defendants' counsel stated:

> There was one [healthcare provider] we didn't even hear from. [Plaintiffs' counsel] didn't bring in the nursing assistant, Jamie Goff, and you may ask yourself why. This is a record that [Plaintiffs' counsel] never referred to. It's in evidence. . . . Why do you think he didn't refer to it? . . . Jamie Goff was in [Bowen's] room every hour on the hour. . . Where is Jamie Goff?

Ex. A to Barlow's Mot. for New Trial (Excerpt I from trial transcript).

> During his rebuttal, Plaintiffs' counsel said:

> You know, as I sit here and hear the counsel for the Defendant argue a point where is this missing witness, what they forgot is the missing witness contacted the Court, who advised counsel that she was out of the state.[1] I attempted to bring Goff in here, but I tell you what. I have the next best thing. . . . Here is Jamie Goff's testimony from the criminal court in Towson.

Ex. A to Barlow's Mot. for New Trial (Excerpt II from trial transcript). Defense counsel objected, and Plaintiff's counsel continued, "I'm not going to read from it, so just give me a moment. If counsel will agree, I'll give you her testimony from

---

[1] In reality, the Court informed counsel that Goff's attorney had informed the Court that Goff had just received her subpoena because she had been out of the state. Counsel were told to call Goff's attorney if they intended to call Goff to the stand because her children were very sick, and she would need time to arrange for appropriate child care. Ex. C to Barlow's Mot. for New Trial (note from Court to counsel).

4

[Barlow's criminal trial] under oath.  Even if it wasn't in [this] trial, if they agree, we can give you this."  *Id.*

During deliberations, the jury wrote a note to the Court asking for Goff's testimony.  Ex. B to Pls.' Resp. to Barlow's Mot. for New Trial (Excerpt II from trial transcript).  Defense counsel informed the Court that counsel had agreed to provide the jury with the transcript of Goff's testimony from the criminal trial, and the Court provided the transcript to the jury.  *Id.*

Plaintiffs' counsel erred by referring to facts not in evidence. *Draper v. Airco, Inc.*, 580 F.2d 91, 96 (3d Cir. 1978).  But even when an attorney's conduct is clearly improper, unless the "misconduct so permeated the trial that the jury was necessarily prejudiced," a new trial in unwarranted.  *Kehr v. Smith Barney, Harris Upham & Co.*, 736 F.2d 1283, 1286 (9th Cir. 1984).

Plaintiffs' counsel's isolated impropriety, during the course of an otherwise fairly litigated trial, does not warrant a new trial.  *See id.*  Accordingly, the Defendants' motions for JNOV or a new trial will be denied.

<u>March 24, 2005</u>                                    <u>        /s/             </u>
Date                                          William D. Quarles, Jr.
                                              United States District Judge